IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>KIRK COTTOM,<br><br>                Defendant. | **8:13CR108 AND 8:15CR239**<br><br>**ORDER** |

This matter is before the court on defendant Kirk Cottom's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, Filing No. 302 in 8:13CR108 and Filing No. 43 in 8:15CR239. He challenges his child pornography conviction and sentence. This is a case involving the government's use of a Network Investigative Technique ("NIT") warrant to monitor and intercept internet traffic of child pornography.[1]

Cottom entered conditional pleas of guilty to Counts II of the Second Superseding Indictment in Nebraska and to Count I of the Indictment in the Western District of New York. He was sentenced to 76 months of imprisonment. He appealed and his conviction and sentence were affirmed. *United States v. Cottom*, 679 F. App'x 518 (8th Cir. 2017). The present motion is Cottom's first motion under 28 U.S.C. § 2255. The motion is timely.[2]

---

[1] The NIT consists of computer code employed on child pornography websites to identify users of those sites. Investigators use a NIT to identify users of "Tor," a network that hides the location and user data of internet users. *United States v. Horton*, 863 F.3d 1041, 1045 (8th Cir. 2017).

[2] Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year statute of limitations on motions by prisoners seeking to modify, vacate or correct their federal sentences. *Johnson v. United States*, 544 U.S. 295, 299 (2005). Generally, that year begins to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255 (f)(1). With regard to post-conviction relief for federal prisoners, the conclusion of direct review occurs when the Supreme Court affirms a

In his § 2255 motion, the defendant alleges he was denied effective assistance of counsel by several attorneys. With respect to his retained attorney Joseph Gross, he alleges Mr. Gross failed to communicate with him, ignored his requests, failed to hire experts, failed to properly investigate, failed to move to suppress the search of Cottom's house, failed to challenge the NIT warrant for lack of jurisdiction. With respect to court-appointed counsel Joseph L. Howard, he alleges counsel failed to communicate with the defendant, was not loyal to the defendant, did not invoke a relationship of trust and confident with the defendant, did not investigate all avenues for this case, and asserted undue influence in the plea bargaining stage of this case. He also alleges ineffective assistance by court appointed counsel in the Western District of New York, Steven G. Slowinski, in that Slowinski allegedly failed to keep him apprised and informed of case updates, case progression, and plea discussions and failed to challenge the NIT warrant. He further alleges that he was denied the right to counsel by the coercive actions of Howard and Slowinski. He also alleges he was deprived of his Fifth Amendment right to due process by reason of prosecutorial misconduct and because his plea is invalid. Further, he asserts a violation of his Fourth Amendment rights because he contends he was subject to an unconstitutional search and seizure.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that

---

conviction on the merits on direct review or denies a petition for a writ of certiorari. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). If a federal prisoner chooses not to seek direct review in the Supreme Court, then the conviction becomes final when the time for filing a certiorari petition expires. *Id.* Cottom did not file a petition for a writ of certiorari. The time in which Cottom could have petitioned for certiorari expired on May 18, 2017, ninety days after the Eighth Circuit denied his appeal on February 17, 2017. He filed this motion to vacate on May 11, 2018, so his action is timely.

the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion. *See* 28 U.S.C. § 2255, Rule 4(b). The rules provide that unless "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court," the court must order the United States Attorney to respond to the motion. *Id.*

On initial review, the court finds that "it does not plainly appear that the defendant is entitled to no relief," and the government should be required to answer and to submit a brief on the merits. The defendant will be offered an opportunity to respond thereto. On receipt of the briefs, the court will determine whether an evidentiary hearing is required. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

THEREFORE, IT IS ORDERED:

1. On initial review, the court finds that summary dismissal is not appropriate.

2. The United States shall file an answer to the defendant's § 2255 motion, together with a brief on the merits, within 21 days of the date of this order.

3. The defendant shall have 21 days thereafter to file a response.

Dated this 18th day of May, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge