IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiffs,<br><br>vs.<br><br>KIRK COTTOM<br><br>                  Defendant. | **8:13CR108; 8:15CR239**<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Defendant's, Kirk Cottom's, motion to vacate, Filing No. 341 in 8:13CR108 and Filing No. 69 in 8:15CR239; motion for writ of coram nobis or audita querela, Filing No. 342 in 8:13CR108 and Filing No. 70 in 8:15CR239; and motion for FOIA assistance, Filing No. 349 in 8:13CR108.[1]  For the reasons stated herein, the motions are denied.

**I.     BACKGROUND**

Cottom, along with numerous others, was indicted for child pornography offenses in the United States District Court for the District of Nebraska after an FBI investigation of child pornography web servers based in Bellevue, Nebraska.  In March 2013, he was charged with receiving and attempting to receive child pornography (Count I) in violation of Title 18 U.S.C. § 2252A(a)(2) on November 19, 2012, and with knowingly accessing with the intent to view child pornography (Count II) in violation of Title 18 U.S.C. § 2252A(a)(5) on November 19, 2012.  In April 2015, Cottom was also indicted in the Western District of New York on charges of receipt of child pornography (Count I) in violation of Title 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1), and possession of child

---

[1] Cottom has filed identical motions to vacate and motions for writ of coram nobis/audita querela in 8:13CR108 and 8:15CR239.  He filed his motion for FOIA assistance only in case 8:13CR108.  Unless otherwise noted, citations in this Memorandum and Order are to 8:13CR108.

1

pornography (Counts II–IV).  That case was transferred to the District of Nebraska on July 31, 2015.  See Case No. 8:15CR239.

This is a case involving the government's use of a Network Investigative Technique ("NIT") warrant to monitor and intercept internet traffic of child pornography.  Cottom moved to suppress the evidence from the NIT search, alleging he was not provided notice.  After an evidentiary hearing, the Magistrate Judge recommended that the motion to suppress be denied.  Filing No. 148 at 7–8.  Cottom objected to the Magistrate Judge's recommendation, but the Court overruled the objection and accepted the Magistrate Judge's Findings and Recommendations.  Filing No. 155.

Cottom entered a conditional plea of guilty to the charge of accessing with intent to view pornography (Count II) in 8:13CR108 and to the charge of receiving child pornography (Count I) in 8:15CR239, reserving his right to appeal the Court's suppression ruling.  Cottom was sentenced to 72 months of imprisonment and 6 years of supervised release.  He later moved to withdraw his guilty plea, and the Court denied the motion.

Cottom appealed to the Eighth Circuit Court of Appeals.  United States v. Cottom, 679 F. App'x 518, 520 (8th Cir. 2017).  On appeal, he challenged the government's delayed notice following the execution of the NIT warrant, but not the Magistrate Judge's authority to issue the warrant.  Id.  The Eighth Circuit affirmed the district court's judgment.  Id.

Cottom subsequently filed a motion to vacate under 28 U.S.C. § 2255.  Filing No. 302.  He alleged that his attorneys were ineffective in that they failed to communicate with him, failed to maintain loyalty to him, ignored his requests, failed to investigate all avenues of defense, and conspired to have him enter into the plea agreement against his will.  He also argued that the government committed prosecutorial misconduct by losing evidence

(the source code of the NIT) and suborning perjured testimony. Lasty, Cottom argued his Fourth Amendment rights had been violated because the Nebraska magistrate judge was without authority to issue the warrant permitting use of an NIT in another district.

After soliciting briefing from both parties, the Court denied Cottom's § 2255 motion. Filing No. 313. The Court found Cottom's ineffective-assistance-of-counsel claim to be without merit because, even assuming his counsel committed the alleged errors, Cottom had not shown the outcome would have been different because there was overwhelming evidence of his guilt. Id. at 7–8. Additionally, Cottom's plea had been conditional, thereby permitting him to still appeal the suppression ruling, meaning he had little incentive to go to trial. Id. at 8. As to the prosecutorial misconduct claim, the Court found Cottom had failed to present any evidence to show the government acted inappropriately. Id. Lastly, the Court rejected Cottom's claim of a Fourth Amendment violation because, even if the magistrate judge lacked the authority to issue the warrant, the Leon good faith exception would have applied, and the evidence would not have been excluded. Id. at 9. The Court denied Cottom a certificate of appealability. Id. Cottom sought a certificate of appealability from the Eighth Circuit Court of Appeals, but the Eighth Circuit also denied his request. Filing No. 321.

On March 9, 2021, Cottom filed the present motion to vacate and motion for writ of coram nobis. Filing No. 341; Filing No. 342. On May 19, 2022, Cottom filed a motion for permission to file a successive habeas petition with the Eighth Circuit arguing new computer evidence supported his argument of prosecutorial misconduct. See Eighth Circuit Court of Appeals Case No. 22-2050. The Eighth Circuit denied his motion for leave to file a second habeas petition on August 16, 2022. Filing No. 347.

## II. ANALYSIS

### A. Motion to Vacate and Motion for Writ of Coram Nobis

Cottom has filed both a motion to vacate and motion for writ of coram nobis. In his motion to vacate, Cottom states he was released from BOP custody on February 5, 2021, and is currently serving a six-year term of supervised release. Filing No. 341 at 1. He seeks to have the supervised-release portion of his sentenced declared unenforceable because it violates the Double Jeopardy clause and because his underlying conviction is invalid. Id. at 2–5. Cottom titles his motion a "28 U.S.C. § 2241 Motion to Vacate." Cottom's motion for writ of coram nobis or audita querela seeks to have his convictions vacated based on prosecutorial misconduct and ineffective assistance of counsel for hiring an ineffective expert witness. Filing No. 342 at 1–11. His arguments largely echo those made in his § 2255 motion and his motion to file a subsequent habeas petition, both of which were denied.

The first matter the Court must determine is whether Cottom is permitted to seek relief in the manner of a motion to vacate and motion for writ of coram nobis given the current procedural posture of this case. In his motion to vacate, Cottom seeks to invalidate the supervised-release portion of his sentence and cites 28 U.S.C. § 2241 as the authority for doing so. This statutory section delineates the Court's power to issue writs of habeas corpus. The subsection under which a federal defendant can challenge his sentence via habeas corpus is 28 U.S.C. § 2255: "A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the

sentence." 28 U.S.C. § 2255(a). Thus, Cottom's motion to vacate is a second motion for habeas relief under § 2255.

Upon closer examination, Cottom's motion for common-law writ is also a successive habeas motion. The writ of error coram nobis is an ancient common law remedy to correct errors of fact that modern federal courts are authorized to issue under the All Writs Act, 28 U.S.C. § 1651(a). *Baranski v. United States*, 880 F.3d 951, 954 (8th Cir. 2018) (citing *United States v. Morgan*, 346 U.S. 502, 506 (1954)). The Eighth Circuit has made clear that a writ of coram nobis is only available when habeas relief is not available and may not serve as a means by which a defendant can avoid the otherwise-applicable bar on subsequent petitions for habeas relief. See *Baranski*, 880 F.3d at 956.

Likewise, "[a] writ of audita querela is a common law writ 'available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses.'" *United States v. Boal*, 534 F.3d 965, 967 n.2 (8th Cir. 2008) (quoting BLACK'S LAW DICTIONARY 141 (8th ed. 2004)). To the extent it exists in a modern criminal case, "[a] writ of audita querela is not available where other cognizable remedies exist," such as relief under § 2255. *United States v. Feist*, 346 F. App'x 127, 128 (8th Cir. 2009).

A Court can only issue habeas relief to an individual "in custody under or by color of the authority of the United States." 28 U.S.C. § 2241(c)(1). Cottom notes that he has been released from prison and is now serving a term of supervised release. To the extent Cottom seeks a writ of coram nobis/audita querela because he believes he is no longer in custody for purposes of the habeas statute, his reasoning is flawed. It is well-settled that an individual is "in custody" within the meaning of § 2255 while under any major restraint on his or her liberty, including supervised release. See *Harvey v. State of S.D.*,

5

526 F.2d 840, 841 (8th Cir. 1975) ("This requirement of custody [for habeas corpus] has been equated with significant restraint on liberty, such as parole or release on the individual's own recognizance . . .." (citations omitted)); United States v. Salinas-Martinez, No. 8:09CR456, 2012 WL 5835420, at *2 (D. Neb. Nov. 16, 2012) ("Parolees, probationers, and those on supervised release remain "in custody" for purposes of postconviction relief."). Accordingly, the Court construes Cottom's motion to vacate and his motion for a common-law writ as successive motions for habeas corpus relief under § 2255.

The Court cannot entertain a "second or successive" § 2255 motion absent a certification from the Court of Appeals verifying that the motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2244(b)(3) & 2255(h). Without pre-approval from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. See Boykin v. United States, 242 F.3d 373, 2000 WL 1610732, at *1 (8th Cir. 2000).

Cottom's attempt to circumvent the bar on successive filings by framing his motions as seeking something other than habeas relief is unavailing. Because Cottom has not been granted leave to file a successive habeas petition, the Court cannot exercise jurisdiction over his two motions which are—in substance if not in name—successive § 2255 motions.

6

### B. Motion for FOIA assistance

Cottom has also filed a motion seeking assistance obtaining documents. Filing No. 349. He states he initiated a FOIA request with the FBI which has gone unaddressed. *Id.* at 1. He asks for "all the NIT reports / Interface Reports admitted as exhibits" in four separate cases involving defendants charged as a result of the NIT sting that resulted in Cottom's arrest. *Id.*

It is unclear exactly which documents Cottom seeks as he does not indicate their document number in the respective cases he lists and the words "NIT report" and "Interface Report" do not readily appear in the docket entries of these cases. To the extent Cottom seeks a document filed in another case, the publicly available record is accessible via the Public Access to Court Electronic Records ("PACER") system. *See* NECrimR 55.1. As to trial exhibits, the offering attorney is required to withdraw the exhibits from the clerk's custody and retain them for at least 30 days after the time for all appeals and the filing of a § 2255 motion after which time they can be destroyed. *See* NECrimR 55.1. In either case, the Court is unable grant Cottom's request and denies his motion.

### C. Certificate of Appealability

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements codified at 28 U.S.C. § 2253(c). *Jones v. Delo*, 258 F.3d 893, 900–01 (8th Cir. 2001). The court may grant a certificate of appealability only where the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must show "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."

7

*Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994) (citing *Lozada v. Deeds*, 498 U.S. 430, 432, (1991) (per curiam)); *see also Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

As explained in detail above, the Court is without authority to decide Cottom's successive motions under § 2255. The Court therefore declines to grant a certificate of appealability in this case.

IT IS ORDERED:

1) Defendant's, Kirk Cottom's, motions to vacate, Filing No. 341 in 8:13CR108 and Filing No. 69 in 8:15CR239, are denied.

2) Defendant's motions for writ of coram nobis or audita querela, Filing No. 342 in 8:13CR108 and Filing No. 70 in 8:15CR239, are denied.

3) No certificate of appealability will issue as to Cottom's motions under 28 U.S.C. § 2255.

4) Defendant's motion for FOIA assistance, Filing No. 349 in 8:13CR108, is denied.

Dated this 10th day of October, 2023.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge